IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 12-10111-01-JTM |
| ) | |
| v. ) | |
| ) | |
| PAUL MARK ELY, II, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT ELY'S MOTION TO IDENTIFY AND DETERMINE ADMISSIBILITY OF CO-CONSPIRATORS STATEMENTS AND REQUEST FOR JAMES HEARING**

Defendant Paul Mark Ely, II, by and through his attorney of record, Michael D. Hepperly, does hereby submit the following memorandum in support of the accompanying motion.

**STATEMENT OF FACTS**

The Indictment in this case charges Mr. Ely with three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant Ely and the codefendant are also charged with possession with the intent to distribute 50 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841, and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c).

Although a conspiracy has not been specifically alleged in the Indictment, the government's investigation makes clear their belief that Mr. Ely and at least the codefendant were in a conspiracy. However, it is impossible for the defendant or the court to make a knowing and intelligent determination as to whether or not there are any other alleged co-conspirators, and what statements, fall under the hearsay exception for statements of co-conspirators.

Thus, the government should be required to provide: evidence in a *James* hearing to establish the existence of a conspiracy; the defendant's participation therein; and to identify the other *known* co-conspirators, prior to the admission of any hearsay statements. This is necessary in order to fully apprise Mr. Ely of the alleged facts he must be prepared to defend against and to allow him to fully and intelligently confront and cross-examine his accusers, as well as, providing adequate information to the Court and to allow it to make a knowing and intelligent determination regarding what hearsay statements, if any, qualify for admission under the co-conspirator hearsay exception.

## ARGUMENTS AND AUTHORITIES

### A. THE CONSPIRACY

Hearsay statements made "by a co-conspirator of a party during the course and in furtherance of the conspiracy" are admissible. § 801(d)(2)(E) Federal Rules of Evidence. In addition to the "pendency" and "furtherance" requirements, both "the declarant and the defendant must be members of the conspiracy" for such hearsay statements to be admissible. *United States v. James*, 590 F.2d 575, 578 (5th Cir.) *en bac, cert. denied*, 442 U.S. 917 (1979).

### B. REQUIREMENT OF A HEARING

"Co-conspirator" statements are "inherently prejudicial" to the defendant against whom they are offered, which perhaps explains the favored status of a conspiracy charge among prosecutors. *DeRoche*, 725 F.2d at 1028. This is particularly true where the author of the alleged co-conspirator statement is not identified. Precisely because of the prejudicial and inflammatory nature of "co-conspirator's statements, however, such testimony generally should be scrutinized carefully <u>before</u> it is presented to the jury." *Id.*

Indeed, the Courts have recognized the "danger of prejudice to a defendant which would result if the jury were to rely upon co-conspirator statements without first addressing and deciding

the admissibility question." *James,* 590 F.2d at 577. For that reason, the decision on admissibility cannot be left solely to the jury:

> A rule that puts the admissibility of co-conspirator statements in the hands of the jury does not avoid the danger that the jury might convict on the basis of these statements without first dealing with the admissibility question."

*Id.* at 579.

Consequently, the rule promulgated at the *James* decision states: "The district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a co-conspirator." *Id.* Neither has been shown here and it would be pure speculation for the Court to make a determination at this late date as to whom the Grand Jury determined to be defendant's known co-conspirators.

At a *James* hearing, the government must make a "sufficient showing" both of the existence of the alleged conspiracy, and of the defendant's connection to it by "*evidence independent of the co-conspirator statement itself." Id.* at 581. (Emphasis supplied). "[O]therwise, a co-conspirator's hearsay might bootstrap itself into admissible evidence." **United States v. Grassi**, 616 F.2d 1295, 1300 (5th Cir.*), cert. denied* 449 U.S. 956 (1980).

At least one circuit has held that a pre-testimony *James* hearing is "mandated." *Id.,* but it also has allowed:

> "If [the district court] determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up."

*James*, 590 F.2d at 582. Mr. Ely would respectfully submit there is no reason why conducting a pre-testimony *James* hearing is not practicable in this case, and he submits that the better practice is to hold such a hearing rather than to admit hearsay evidence subject to being "connected up."

3

## C.  RIGHT TO PRE-TESTIMONY DISCLOSURE

There are two reasons the court should require the government to disclose to the defense, prior to offering testimony, the details of the circumstances surrounding the making of any statement or declaration it intends to offer under any alleged co-conspirator role and the identity of the *known* co-conspirators that it contends the co-conspirator hearsay exception applies to.

First, the defense is entitled to discovery of the statements of co-conspirators which concern activities conducted or statements made during the course of and in furtherance of the conspiracy in which the declarant and the defendant were both members.  This is based upon the theory of admissibility which allows such statements or declarations to become, in essence, a defendant's own statements.  Rule 16(a)(1)(A) Federal Rules of Criminal Procedure: *United States v. Thevis* specifically states that:

> "Since the statement of a co-conspirator, after the proper foundation is laid, is admissible against [a] defendant as if it was his own, this court held that the statements of co-conspirators concerning activity conducted or statements made during the course of the conspiracy of which [a] declarant and [a] defendant were members shall be deemed to be statements of [a] defendant and discoverable under rules 16(a)(1)(A)."

*Thevis*, 84 F.R.D. at 56

The second reason prehearing discovery is necessary is that without such disclosure, the defense would be unprepared to participate in a meaningful and significant way in the *James* hearing. A *James* hearing, like any other evidentiary hearing in a criminal case, carries with it the right to due process of law under the Fifth Amendment to the United States Constitution, as well as the right to confrontation and effective assistance of counsel under the Sixth Amendment.  Absent prehearing disclosures and identification of the *known* co-conspirators, the defense will be less likely to be able to assist the Court as it makes the factual determination required.  The ability to effectively cross-examine the witnesses will be substantially impaired, thus, derailing the greatest

legal engine ever invented for the discovery of truth. *5 Wigmore on Evidence § 1376.*

## D. SCOPE OF PRE-TESTIMONY DISCOVERY

Certainly, as to any identified or unidentified co-conspirator conduct or statement the government intends to use as a part of its case in chief, disclosure is required and neither the government, the defendant nor the Court should be allowed or required to speculate as to who the Grand Jury determined the *known* co-conspirators to be.

Counsel is aware that as a general rule, rebuttal witnesses are excepted from witness disclosure requirements. ***United States v. Windham***, 489 F.2d 1389 (5th Cir. 1974). However, if the government presently has knowledge of statements, the admissibility of which falls within the ambit of Rule 801(d)(2)(E), the ***James*** requirements would apply whether or not offered as "rebuttal" because the probative value of such evidence would still depend on proof of the predicates.

## E. A JAMES HEARING WILL AID THESE PROCEEDINGS

Even if the Court foregoes a pre-testimony ***James*** hearing, it still must determine at the close of all evidence:

> Whether the prosecution has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the co- conspirator and the defendant against whom the co-conspirator statement is offered were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the Conspiracy. (Emphasis supplied).

*James*, at 582-83. As the Tenth Circuit has noted in ***United States v. Owens***, 70 F. 3d 1118, 1123 (10th Cir. 1995) and ***United States v. Urena***, 27 F. 3d 1487, 1491 (10th Cir. 1990) while having a ***James*** hearing is not mandatory it is "strongly preferred." While some courts have conditionally allowed the admission of co-conspirator statements subject to them being connected up later, defendant would submit the Court should make findings under a "higher standard", as to "whether the prosecution, through independent evidence, can demonstrate the defendant's

participation in a conspiracy by *a preponderance of the evidence*." ***Grassi***, 616 F. 2d at 1301. (Emphasis added).

Absent a pre-testimony ***James*** hearing, there is no evidentiary indication at the threshold of the case that the prosecution can satisfy the more exacting ultimate standard referred to above. This is particularly true in the instant case since it is unclear from the indictment who the Grand Jury determined to be defendant's co-conspirators and/or what the government is relying on to establish Mr. Jackson's participation with any alleged *known* but unidentified co-conspirator. It is therefore in the interest of justice and judicial economy to hold a pre-testimony ***James*** hearing, because, at the close of the case:

> If the court concludes that the prosecution has not borne its burden of proof on these issues, the statement cannot remain in the evidence to be submitted to the jury. In that event, the judge must decide whether the prejudice arising from the erroneous admission of the coconspirator's statements can be cured by a cautionary instruction to disregard the statement on whether a mistrial is required.

***James***, 590 F.2d at 583. Dispensing with a ***James*** hearing unnecessarily increases the likelihood the Court will have to declare a mistrial.

This risk was amply demonstrated in ***DeRoche***, where the district court proceeded to trial without ruling on a motion for a ***James*** hearing. The trial court initially admitted co-conspirator statements subject to being "connected up", but ultimately limited the use, finding that there was insufficient evidence of a conspiracy. The Court held that these measures were inadequate and remanded for a new trial, admonishing that "failure to adhere to established ***James*** procedures results in an inadequate record for review". 726 F.2d at 1029. This problem is exacerbated in the instant case since "connecting up" the hearsay statements will be impossible without the Court or counsel knowing who the Grand Jury determined to be defendant's *known* but unidentified co-conspirators.

6

A pre-testimony *James* hearing eliminates the need for the Court to speculate on the accuracy of any prosecutorial assurance that it can "connect up" proffered co-conspirator's statements by the close of trial.

## CONCLUSION

For the reasons and on the basis of the authorities set forth above, Defendant Ely respectfully submits that his motion to determine the admissibility of extra judicial statements of alleged co-conspirators should be granted. Furthermore, if granted, Defendant Ely requests that the Court direct the Government to provide the defendant with the following information:

1. Identify what statements, if any, it seeks to have admitted under the provisions of Rule 801(d)(2)(E) of the Federal Rules of Evidence.

2. Identify the *known* but unidentified co-conspirators.

3. Identify all *known* members of the conspiracy.

4. Identify all statements that were made in furtherance of the conspiracy by defendant Ely, the co-defendant and each of the *known* but unidentified co-conspirators.

RESPECTFULLY submitted this 12th day of October, 2012.

s/Michael D. Hepperly
MICHAEL D. HEPPERLY, KSB# 09542
Michael D. Hepperly Law Office, Chtd.
310 W. Central, Suite 119
Wichita, KS 67202
Tel: (316) 267-5330
Fax: (316) 267-6589
Email: mhepperly@aol.com
  *ATTORNEY FOR DEFENDANT*
  *Paul Mark Ely, II*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2012, I caused to be electronically filed, the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT ELY'S MOTION TO IDENTIFY AND DETERMINE ADMISSIBILITY OF CO-CONSPIRATORS STATEMENTS AND REQUEST FOR JAMES HEARING** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Debra L. Barnett, Office of United States Attorney
> email to: debra.barnett@usdoj.gov
>
> Sylvia B. Penner, Attorney for Defendant Sara D. Williams
> email to: spenner@fleeson.com

s/Michael D. Hepperly<br>
MICHAEL D. HEPPERLY